# CHARLESTON.

THE WESLEY CORPORATION *v.* W. C. BLACKBURN *et als.*

(No. 6337)

Submitted May 14, 1929.    Decided May 28, 1929.

*George S. Wallace,* for appellee.
*Connor Hall* and *Holt & Holt,* for appellants.

LITZ, JUDGE:

The defendants, J. H. Lewis and C. C. Hale, late partners trading under the firm name of Lewis-Hale Coal Company, and Cadwalader Jones, appeal from an order of the circuit court of Cabell county decreeing judgments against them for $15,218.71 in favor of The Wesley Corporation and others, as creditors of the Elko Coal Mining Company.

August 31, 1928, The Wesley Corporation leased to Cadwalader Jones, for a term of five years, a coal mining operation in Pike county, Kentucky. An engineer's report, presented (as a part of the transaction) to Jones by A. H. Baldwin, Vice-President of the plaintiff, who negotiated and executed the lease on its behalf, fixed the value of the improvements on the leased premises at $218,588.14. September 24, 1926, Cadwalader Jones, J. H. Lewis, C. C. Hale, A. L. McCalla and Harry S. Irons, as incorporators, secured the incorporation of the Elko Coal Mining Company (a West Virginia corporation) with an authorized capital stock of $50,000.00 divided into five hundred shares of the par value of $100.00 each; and upon its organization, October 11, 1926, Jones assigned the leasehold to it in consideration of 490 shares of its capital stock, the remaining ten shares having been subscribed and paid for by the incorporators. Thereupon one-half of the 490 shares belonging to Jones was transferred to J. H. Lewis and C. C. Hale, trading under the firm name of Lewis-Hale Coal Company, in consideration of their agreement to lend the Elko Coal Mining Company an amount (estimated at $5,000) sufficient to put the mine in running order, to be repaid from the profits of the business. The Lewis-Hale Coal Company which conducted a coal sales agency at Huntington, West Virginia, also agreed to sell the coal produced from the leasehold premises by the Elko Coal Mining Company on a commission of eight per cent. of the sales price. C. C. Hale having withdrawn from the partnership, October 31, 1926, the business was continued under the same name by

J. H. Lewis, as sole trader, until January 1, 1927, when it was taken over by the Lewis-Hale Coal Company, a corporation. Lewis-Hale Coal Company, as a co-partnership, a business enterprise conducted by J. H. Lewis, as sole trader, and as a corporation, paid to the Elko Coal Mining Company the sum of $47,857.24 and received from sales by it of coal produced by the Elko Coal Mining Company from the leased premises, less commissions, the sum of $38,229.38. With accounts thus standing between Lewis-Hale Coal Company and Elko Coal Mining Company, this suit was instituted April 21, 1927, by The Wesley Corporation, a corporation, suing on behalf of itself and all other creditors of the Elko Coal Mining Company, who would come in and contribute to the costs of the suit, against W. C. Blackburn, Cadwalader Jones, C. C. Hale, J. H. Lewis, A. L. McCalla, Harry S. Irons, Elko Coal Mining Company and the Lewis-Hale Coal Company, a corporation. The bill, after setting forth some of the facts above detailed, charges that the lease had become forfeited for failure of Cadwalader Jones and the Elko Coal Mining Company to pay royalties due thereunder; that the consideration for the transfer of the lease by Cadwalader Jones to Elko Coal Mining Company was 227 shares of its capital stock, and that the remaining 273 shares had been subscribed, but not paid, for by the incorporators; that the Elko Coal Mining Company had been used "as a mere instrumentality or agency of the Lewis-Hale Coal Company, a corporation"; and that the coal mined from the leased premises by the Elko Coal Mining Company had been "sold by the Lewis-Hale Coal Company" without accounting for it to the Elko Coal Mining Company. The bill prays, that the leasehold be cancelled; that the incorporators of the Elko Coal Mining Company be required to pay for all stock subscribed for by them in the corporation; that the Lewis-Hale Coal Company be required to account for and pay over to a receiver of the court all funds received by it from the sales of coal mined and shipped from the leased premises by the Elko Coal Mining Company; and that the Elko Coal Mining Company be treated as a mere instrumentality or agent of the Lewis-Hale Coal Company, a corpo-

ration, and required to pay all outstanding indebtedness of the Elko Coal Mining Company.

The commissioner to whom the cause was referred after hearing proof, reported substantially as follows: (1) That the Elko Coal Mining Company mined from the leased premises 14,615.15 tons of coal which brought a net price of $38,229.38; (2) that the Lewis-Hale Coal Company paid to the Elko Coal Mining Company $47,857.24, $9,857.67 of which was a loan to be repaid from the profits of the business, and the remainder of $37,999.57 was for coal sold by the Lewis-Hale Coal Company for the Elko Coal Mining Company; (3) that the indebtedness of the Elko Coal Mining Company, other than the sum of $9,857.67 which it owed the Lewis-Hale Coal Company, amounted to $15,218.71; and (4) "That the arrangement made between Cadwalader Jones and the Lewis-Hale Coal Company, a partnership composed of J. H. Lewis and C. C. Hale (whereby Cadwalader Jones transferred one-half of his 490 shares of stock in the Elko Coal Mining Company to J. H. Lewis and C. C. Hale upon their agreement to loan the corporation sufficient money to put the mine in running order) constituted a mining partnership, and that the Elko Coal Mining Company was incorporated for the sole and only purpose, and used by the said mining partnership, solely as an instrumentality to shield them, and enable them to evade personal liability for such indebtedness as might be incurred in the adventure, should the same afterwards turn out to be a failure;" and that "the business of the Elko Coal Mining Company and the mining partnership continued as aforesaid, was the same business and constituted a single enterprise, owned, operated, managed and controlled by the said mining partnership, and that said mining partnership is liable for the payment of all the indebtedness of the Elko Coal Mining Company."

The finding of the commissioner on which the decree, complained of, is predicated involves a legal fallacy which has no justification either in law or in fact. No fraud is alleged or proved; nor is there any claim that the Elko Coal Mining Company was not properly organized and maintained as a corporate entity. The facts (relied on by appellees) that the

two companies were managed by the same persons and their books kept by the same office force are unimportant. The legal conclusion of the commissioner, approved by the trial court, that persons who become stockholders of a corporation with the view of "evading person liability" are liable for its debts is at odds with the fundamental principle in the general and statutory law governing corporations. In the absence of fraud, contract or special statutory liability, the stockholders of a corporation are not liable for its debts. The evasion of personal liability is a common motive prompting persons to engage in business through the instrumentality of a corporation.

If we adopt the commissioner's finding that Lewis-Hale Coal Company had lent Elko Coal Mining Company $9,857.67, to be repaid from the profits of the business, and that the value of the coal sold by the Lewis-Hale Coal Company exceeded the remainder of the money paid by it to the Elko Coal Mining Company, in the sum of $229.81, which has been paid to the receiver in the case pursuant to an offer to do so in the answer of the defendants Lewis-Hale Coal Company, J. H. Lewis, and C. C. Hale, there is nothing owing the Elko Coal Mining Company by Lewis-Hale Coal Company, J. H. Lewis, C. C. Hale or Cadwalader Jones. The order of the circuit court is, therefore, reversed in so far as it decrees personal judgments against Cadwalader Jones, and J. H. Lewis and C. C. Hale, late partners doing business as Lewis-Hale Coal Company, and the bill dismissed to the extent that it seeks personal judgments against them or any of them. The decree in all other respects is affirmed.

*Modified and affirmed.*